**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN E. BARNHOUSE, | No. 09-35518 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05553-RJB |
| v. | |
| ERIC YOUNG; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted August 10, 2010[**]

Before: HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

John E. Barnhouse, a Washington state prisoner, appeals pro se from the

district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action

for failure to exhaust administrative remedies under the Prison Litigation Reform

Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo the district court's application of substantive law and its factual determinations for clear error, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court correctly determined that Barnhouse failed to properly exhaust administrative remedies, even though defendants allegedly confiscated his pen and paper for the duration of the 20-day filing deadline, because Barnhouse waited almost two years to file his grievances. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and cannot be satisfied by filing an untimely or otherwise procedurally defective administrative grievance or appeal); *see also McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring inmates to exhaust administrative remedies prior to filing suit in federal court).

The district court's rejection of Barnhouse's claim that he filed an earlier grievance was not clearly erroneous. *See Wyatt*, 315 F.3d at 1119-20 ("In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.").

Barnhouse's remaining contentions are unpersuasive.

**AFFIRMED.**